Good morning. Please be seated. The clerk will call the case, please. 13-23-84, Plaintiff Charles Austin v. A-1 Food Services, Inc. Counsel, will you please come up and introduce yourselves, please? Good morning, Your Honors. May it please the Court, Jennifer Hill on behalf of the defendant, Appalachians Forever Green Food Group, Inc. Good morning, Your Honors. Dean Lurie for Plaintiff Charles Austin, Ltd., Appalachia. All right. I'd just like to point out that these microphones do not amplify. They only record. So the people in back of you cannot hear a word you're saying unless you speak up. Thank you very much. You can start. You can be seated, Counsel. Your Honors, we're here today to determine if the child court abused its discretion in ruling on a 2-1401 motion to vacate a default and a default judgment. Would Your Honors care for a brief statement of background facts? I don't think it's necessary. Under 1401 for a motion to vacate, under a 1401 petition, in this case a motion to vacate the default and default judgment, the party is required to prove three things. That they had a meritorious defense, that they had diligence in presenting the defense, and there was diligence in moving to vacate. Now under 1401, a petition under 1401 is brought more than 30 days after the order has been entered. Defended Ampelons Forever Green had meritorious defenses. In their motion to vacate, they challenged the service of process, the initial service of process, and therefore personal jurisdiction over Forever Green in the suit. They also had a meritorious defense. Well, let's talk about that. Mr. Chau said he didn't recall. Is that correct? He didn't recall being served? I believe that's what the affidavit stated, Your Honor. That's a lot different than saying I didn't receive it. I mean, a lot of times people may not recall something. That doesn't mean it didn't happen. Doesn't the law say that that's not enough in order to rebut the presumption that the service by the sheriff's office was, the return of service was accurate? Well, Your Honor, the case does state that. However, not only did he say he did not recall receiving service, but it also was in conformity with his standard of practice that once Mr. Chau would receive service of process, he would inform the corporation of that service of process. There was an affidavit prepared by David Wing in which he stated that that never occurred. Do you have any cases that would support the notion that I think you're floating here, that custom and practice evidence like that, that, you know, if I knew this is what I would ordinarily do, that that would be enough to give you grounds to have this vacated? Your Honor, I don't recall a case off the top of my head. Because your colleagues have cited cases that are to the contrary. I understand that, Your Honor. Okay. Thank you. There were other defenses that were raised by Ferber Green within their motion to vacate the default. Those defenses being that they were a good faith purchaser and they did not assume the liabilities that A1 Foods had with the plaintiff, Charles Austin. There was also the defense. Well, let's talk about that one first. Sure. Mr. Chow, he filed an appearance for A1 in the lawsuit? Mr. Chow did not file an appearance for A1 in the lawsuit. He represented A1, though? No, Your Honor, he did not. He never represented A1? To my recollection, he did not. He only represented Ferber Green? There was no appearance filed on behalf of Ferber Green in the lawsuit. No, I'm talking about the closing. For the closing, Your Honor, I believe that Mr. Chow was the attorney for Ferber Green. And he had no knowledge of the lawsuit that was pending against A1? Well, Mr. Chow had stated in his affidavit that he did not recall receiving that. I'm talking about the transaction. There was no evidence presented at the closing of the sale that would indicate that he had knowledge of the lawsuit. Because the sale contract also included in their terms that if there was any liabilities that would be assumed, they would be provided and stated within the sale contract between A1 and Ferber Green. And the contract did not include anything. And with nothing stated, it was free and clear from any debt, which was the language included in the sales contract between A1 Foods and Ferber Green. So wasn't there a lawsuit? There was a lawsuit pending for monies that were owed, right? Your Honor, the lawsuit involving between the plaintiff, Charles Austin, and A1 Foods was filed on January 11, 2012. But at the time of the purchase, nothing was disclosed to Ferber Green with regards to there being a debt. And language in the contract stated that any debt would be disclosed if it wasn't. It was free and clear from any debts that were not included in the contract. Another defense that was provided in the motion to vacate the default was that there's a failure to state a cause of action for successor liability by the plaintiff in the complaint. And there's also a failure for them to state a cause of action under fraud. They use blanket. There's one blanket statement with regards to fraud without providing who, what, when, where, why and how, which is required when fraud is pled. There was in bringing the motion to vacate the default and default judgment, Ferber Green used due diligence in presenting its defense. Once it had learned, it did not learn about the default and the default judgment until it was contacted by its bank in May of 2013 when there was a citation proceeding filed against Ferber Green. And upon learning from the bank that there was a citation proceeding filed, an attorney had done some investigation with regards to the underlying action, filed his appearance on May 23rd, 2013, and on June 5th, 2013, and filed as an emergency motion, defendant Ferber Green's motion to vacate the default and default judgment pursuant to 735 ILCS 5-2, 5-2-1401, the motion which is involved in this case. I'm not clear. If Charles Austin filed a breach of contract case against A1 Foods before the sale of assets, why wasn't that listed? Why wouldn't that necessarily be listed or why wouldn't somebody in due diligence find out about that? It's all public information. Your Honor, that was not disclosed to Ferber Green at the sale. Well, they said not disclosed. So you're saying A1 committed a fraud on Ferber Green? Is that what you're saying? It's a possibility that fraud may have been committed, Your Honor. It was not disclosed to Ferber Green at the sale that there was this lawsuit pending. In fact, Ferber Green did not learn about the lawsuit until it was issued a subpoena in August of 2012, after the sale had already been completed. Going back to the diligence in presenting the defense, after investigation had been done and counsel for Ferber Green had filed it to parents in May of 2013 and filed the emergency motion, it was briefed and a hearing was conducted on July 3rd, at which time the motion to vacate was denied, leading to this appeal. In the motion to vacate, default in default judgment. Are you saying that Chau had no, the record does not reflect that Chau had any involvement at all in the business loan agreement between A1 Food and Austin? Your Honor, I don't recall that being in the record. But he didn't have anything to do with Ferber Green, is that what you're saying? That the Indiana attorneys represented Ferber Green? Mr. Chau had been involved in the sales contract. The sales contract, but he was representing A1 in that transfer of business assets, is that right, to Ferber Green? He wasn't representing Ferber Green, was he? I believe for the sales contract he was representing Ferber Green only. Okay. And then when Charles Austin subpoenaed Ferber Green seeking documents about the sale of those assets, Ferber Green responded through an attorney in Indiana, is that correct? That's correct, Your Honor. But then that attorney from Indiana was not served with the amended complaint and summons? That's correct. Did Charles Austin ever call the sheriff that served the summons in response to the affidavit from Chau that he didn't remember getting it? Your Honor, as I recall, during the motion to vacate the default, two of the parties for Ferber Green were present during the hearing on that motion to default. Okay, that wasn't my question. My question was did anybody produce the deputy sheriff that served the subpoena? No, the deputy sheriff was not produced. But Chau presented an affidavit? That's correct. And there was no counter-affidavit provided in response to the motion to vacate. And what did the judge think about that affidavit? Both affidavits, in fact. My reading of the transcript says that the trial court did not believe the affidavits. However, Mr. Wang was present in court and the court could have asked questions of him either with regards to the affidavit or the facts in the suit, of which the trial court did not do. Well, is it an obligation of the trial court to do that? If you wanted to defend the affidavit or if there were questions about it, wouldn't that be for you to bring forward or for the other side to do something? I mean, what should the judge do? The judge doesn't conduct the hearing. It's the lawyers that conduct the hearing to the judge. Well, at the hearing, the court was advised that these two witnesses were present and could be questioned should the court desire to ask any questions of them. An opportunity was not presented in which they could be addressed because the matters that were addressed at the hearing were restricted to and limited to the documents of the motion to vacate the default and the response in the reply briefs. So the court did not consider or indicate any willingness to talk to either one of the witnesses. Your Honors, you should also be aware that at the time of the motion, with regards to the motion to default that was brought against Forever Green, it was initially an oral motion to default in January 10th of 2013. The circuit court motion rules, along with Judge Pierce's court orders required to be in writing, said the court had ordered that the January order be provided to the defendants and that a proper motion to default be brought. There is no evidence in the record that that order was ever provided to defendants for Forever Green with regards to the oral motion to default. Why would that be relevant to do? You're saying the order, but the information was provided that a default hearing would be held, right? I'm getting there, Your Honor. That information was not known to Forever Green because on January 15th, 2013, Forever Green had changed its registered agent with the Illinois Secretary of State's office. The written motion for default wasn't filed by the plaintiff until February 15th, 2013. That written motion for default was apparently sent to Philip Chow and not the registered agent of Forever Green at the time that this was noticed. So Forever Green did not have notice of the motion for default. So they sent it to their former registered agent who had no obligation as an attorney to do anything about it, having just represented and been involved in the change of registered agents. Your Honor, the motion to default was not provided to the company Forever Green. And you're saying that the change in registered agent occurred in January? That's correct, Your Honor. Plaintiff counsel had admitted at the time of the motion to vacate the default and the default judgment that it did not serve it on David Wang, who was the registered agent of Forever Green, did not have notice of the motion for default. And since Mr. Wang, who's the registered agent of Forever Green, did not have notice of the motion for default, he had no knowledge of the default hearing and did not have knowledge of any default order or default judgment entered. It was not until the citation proceedings, it was not until the citation proceedings began and the bank of Forever Green had contacted Mr. Wang and Forever Green about the citation proceedings that it learned of the default. So Chau knew about it, though? Your Honor, I don't know if Chau had received that. It's not documented within his affidavit. It's not in his affidavit? No, it is not. But it's in the record, isn't it, that he was served? The record shows that the notice of motion for the motion to default was sent to Philip Chau. Forever Green has been diligent in bringing and filing its motion to vacate the default. Upon learning in May of 2013 of the default,  it immediately filed an emergency motion to vacate that motion for default after having conducted an investigation. During the trial court hearing on the motion to default, it is Forever Green's belief that it was lumped in and separate and apart from that company. The trial court had focused on numerous defaults, having laid out the defaults of A1 Foods and from that listing of defaults from A1 Foods, indicating that Forever Green was also in default. Forever Green was not named as a party to this lawsuit until October of 2012. It is Forever Green's position that the default judgment should be considered void. It is Forever Green's position that the trial court did not have personal jurisdiction over Forever Green because it has been brought up and alleged that Philip Chau did not recall receiving the service of process and David Wing indicated that he did not have knowledge of Forever Green being named in the lawsuit. If there is no proper service, there is no proper personal jurisdiction over the party. The trial court did not allow for an evidentiary hearing on the issue of service. Instead, it just considered the motion to vacate and the briefs of the motion to vacate. It is Forever Green's position that the plaintiff has concealed the defaults from it by not mailing a copy of the default order that was entered by the court on January 10, 2013. What requires that order be sent? Judge Pierce had indicated in that order that that order be provided to the defendants. It's in the order? That's correct. And did you ever bring that to the attention of Judge Pierce afterwards? Judge Pierce did not hear the motion to vacate. It was heard by Judge Brennan. So whoever heard it? It was brought and it was included within the motions to vacate. And what was the result of that? The court had denied the motion to vacate. So they didn't think it was necessary that the order be specifically sent. Is that right? Apparently? I don't believe that the trial court specifically looked at that aspect. When the court had denied the motion to vacate, it was more focused on the affidavits, which were not counter, there were no counter affidavits produced in response to the motion to vacate. Plaintiff also believes, I'm sorry, Forever Green also believes that the plaintiff concealed the default and not serving proper written notice of the motion for default. It was not served on the registered agent, which would be proper service under the rules. In addition, for the motion to default, additional documentation was provided to the court, but not provided to or included with the motion for default. So even assuming the motion to default, if it was provided, there was documentation not provided to the defendants and instead was just provided to the court. So there was no ability for Forever Green to counter or assert any defenses with regards to that additional documentation that was just provided to the court. Counsel, we'll have to ask you to wrap up. Your Honor, I request Forever Green respectfully requests that the default and the default judgment be vacated and that this case be remanded to proceed on the merits of the case. A 1401 motion is asked the court to look at it with equitable means. In addition, arguments not raised during this oral appellant stands on its briefs and for any points not raised in oral argument and also includes any oral arguments provided today. Thank you. Morning, Your Honors. Again, Dean Lurie for the plaintiff, Charles Austin Appley. Your Honors, I think the chronology is very important as the court has already alluded to. The initial underlying complaint was filed in January of 2012 against A1 Food Services. Five months later in May was the sale of assets from A1 to Forever Green while the case was pending. Certainly, Forever Green had constructive knowledge of the case as it was filed right here in the Circuit Court of Cook County. Shortly after the sale, which was allegedly for $200,000 for the assets, the individual owners of A1 converted the funds and filed bankruptcy, filed a Chapter 7 bankruptcy and were granted a discharge. The $200,000 was gone, which should have gone to pay the debt that was owed to the plaintiff, Charles Austin. In August of 2012, before the amended complaint was filed against Forever Green, there was a subpoena issued on Forever Green. So they actually had knowledge now of the case, asking for information about the sale, which was responded to by Forever Green. In October of 2012, after the subpoena, the first amended complaint was then filed. On October 29, 2012, was the case that the Cook County Sheriff went out and served Philip Chow. And in the record, SC-13 is the affidavit of service from the Cook County Sheriff. It served Philip Chow, who, as the Court alluded to, was the registered agent for Forever Green and he represented Forever Green in the transaction. We know that because his name appears on the actual sale documents which he notarized. It's unclear who represented A1, if anybody, in the transaction. However, the affidavit says, service on Philip Chow, registered agent, Asian male, 10-29-12 at 432 at Mr. Chow's office. The case law says that this affidavit of service from the Sheriff is prima facie evidence of proper service. In order to overcome that, as the Paul v. Ware case says, you need clear and convincing evidence to prove that you served. The only evidence is an affidavit from Mr. Chow saying, I don't recall receiving the summons complaint. Well, what Mr. Chow recalls or doesn't recall really isn't relevant. The question is, was he served or not? He did not deny getting served at that point. And further, what the trial court said in the 1401 hearing is, and I quote Judge Brennan, Mr. Chow says, I don't remember getting served. This is not clear and convincing. There's no argument. There's no issue here as to service. That appears in the record at C-364. And also the trial court said in the 1401 hearing, this is an embarrassing argument not worthy of the court's trust, R-C-00365. So the trial court certainly did not believe that that affidavit overcame with clear and convincing evidence this Cook County Sheriff's affidavit. Was a bond ever filed with the appeal in this case? No, there was not a bond. Judgment ever been satisfied? No, but there was a citation issue and some of the judgment has been satisfied. Other than that, what we have here is deny, delay, and don't pay. Correct. What about the argument raised by Forever Green that Judge Pierce ordered a copy of the order to be mailed to Mr. Chow? He did, and Your Honor, I'm actually the one who mailed it. Now, there's nothing in the record to show that. I just put the order in an envelope and mailed it, but I personally was the one who mailed the order. And there was two orders mailed to, and all mailed to Mr. Chow for the record. There's nothing in the record on that. But however, Mr. Chow's affidavit does not state that he didn't receive the orders or the motions. Firstly, the January 10, 2013 order, Judge Pierce in the order said, mailed this out. It was mailed to Mr. Chow. Mr. Chow did not put his affidavit, I didn't receive the January 10, 2013 order. That one set the hearing for default. Then, the notice of motion for default, there is a certificate of service in the record showing that that went to Mr. Chow. Now, there's this issue that they changed registered agent in January. It's not clear, though, when that information showed up online to where we would have noticed that there was a change in registered agent. No one informed us of that. And also, there's a requirement that if you do change registered agent, you have to record that with the county, which was never done. So, it's unclear. Is that in the record? What you just said? What's never done? Is there something in the record that says that they never recorded with the county? It's an allegation in our brief. But we don't know if it's true. Right. There was no search of the record to see if it was done. But it was not denied by Forever Green in this matter. So, the notice in motion was also served on Mr. Chow in February of 2013. And then, when the default judgment was entered, that also was mailed to Mr. Chow, February 22, 2013. Mr. Chow doesn't state anything about any of these orders or the notice in motion in his affidavit, which if he didn't receive, he could have denied that as well. But by that time, Forever Green knew that he had, I'm sorry, Boston already knew that Forever Green had an Indiana attorney working on this because he had filed an appearance. Is that right? No. The Indiana attorney, Mr. Agostino, he responded to the subpoena back in August of 2012. He never filed an appearance. Excuse me. He eventually filed an appearance. They switched attorneys once or twice in this course. But he came into the case after the default was entered on the 1401 petition originally, before Mr. Proreca's firm took over for him in the appeal. But he was not even an Illinois attorney. They were Indiana attorneys. Service was proper on Mr. Chow. He was the attorney representing the company in this particular transaction that's the subject of this appeal. I don't think you'll find any disagreement up here on that. Okay. So I'll move on. On a 1401 motion, Your Honor, Your Honors, there are three factors that the movement must prove in order to get 1401 relief. Meritorious defense, due diligence in presenting the defense, and due diligence in filing the 1401 motion. The record is clear that there was no diligence whatsoever on the part of Forever Green. After getting served with this case personally by the registered agent, did not file anything until seven months after service. There was four court appearances in between that time. They had ample opportunity to get another case and file any defenses they may have had. So they haven't showed any diligence whatsoever. And as far as a meritorious defense, their only defense is that the underlying complaint is deficient under, I guess, 2615. However, the case law says that on a 1401 motion, you can't go back and challenge the sufficiency of the complaint. There's a case on that. That is the Universal Outdoor Case cited in our brief, which states a section 21401 petition is not intended to provide for review of an order from which a party could have taken a timely appeal. And such petition is not to be invoked as a substitute for a party's right to appeal. Thus, a petition under 21401 is not appropriate for review of errors of law. So if, as Forever Green's counsel is alleging, there was an error of law by Judge Brennan, that's not even reviewable here today. The only reviewable issue is, was there due diligence? And finally, the cases say, in the Error Room case, which is the Supreme Court case, on this 1401 issue, that the petitioner has to show some kind of excusable mistake. If you come in on a 1401 petition, you have to show some new facts that were not known to the trial court at the time of the judgment, and show some excusable mistake. That maybe you thought you had filed an appearance and you hadn't, or some other reason why you didn't appear in the case. Forever Green has shown no excusable mistake whatsoever. All they are saying is that we weren't served, which is clearly not the case in this matter. And then finally, I just want to add that the Error Room case also said that once a court acquires jurisdiction, it's the duty of the litigants to follow the progress of their own case. So in Error Room, there was service on the defendant, and then there was no other orders or notices sent to the defendants of a default. And even with those facts, the court said, look, there was service, so now the defendant has a duty to come in. Even if they weren't even given the orders or notices, they're still liable, and their 1401 petition is insufficient. So for that reason, Your Honor, we ask that you uphold the ruling of the trial court. Thank you. Thank you. Do you want to waive rebuttal, or do you want to take a couple minutes? No, I'm ready for rebuttal. Okay, two minutes. Just to address a few of the arguments raised by the plaintiff, first off, service was not the only defense that was raised by Forever Green in the motion to vacate. And it wasn't just the ‑‑ it didn't just include a potential 615 motion on the statement of ‑‑ on the complaint either, although that would have been one of the defenses. A 1401 argument ‑‑ a 1401 petition only requires that you be able to show a meritorious defense. There was another defense that was also raised, and it was that there was no successor liability by Forever Green for matters involving A1 and Charles Austin, which is a valid defense that could be considered by the court. Are you saying the court did not consider it? Your Honor, there were multiple things considered by the court. That was not one that the court had focused on. With regards to service on Forever Green, we had talked a lot about the initial service, personal service on Mr. Chau. However, there was also the service of the motion for default, and that motion for default required proper service, and proper service on a corporation is service on a registered agent. Mr. Chau was not the registered agent for Forever Green, nor did he have an appearance on file for Forever Green before the court. But where in the record did you show the date in which the new registered agent came in to be? Your Honor, there were affidavits that provided the date of the registered service. No, but that it was available in the, that somebody, I mean, you file something with the clerk's office, county or whatever, and Secretary of State, with Secretary of State, so it takes a while for it to be available. That's correct, Your Honor. However, there was a 30-month delay between the change of registered agent. 30-month? I'm sorry, 30-day delay between when there was a change of registered agent and when the motion for default was filed. In addition, addressing another argument that had been raised by a plaintiff, a corporation is not required to record the change of registered agent. That law was changed in 2011. Forever Green did show diligence. It did not receive the motion for default through its registered agent, so it could not address the motion for default. It did not learn of the default order or the default judgment until a citation proceeding had already been initiated, and that initial citation proceeding was also sent to Philip Chow, for which Forever Green did not learn through him. However, Forever Green learned it through its own bank, and that is how it obtained knowledge with regards to the default judgments, and from that point it did its investigation and filed the emergency motion to vacate the default. With regards to the time frame, under 1401, a petition could be filed up to two years after the order had been entered. This was done within four months of the default and default judgment being entered, and in fact it was done within a matter of a couple of days. It was filed within four months, so that part of it is satisfied, but it was filed with something that looked to just about any eyes that might pass over to be a thinly-veiled lie of an affidavit. Thank you for showing up and answering the call of duty here, but I just don't think there's any single basis for an appeal in this case. I thank the Court for its time, and again, I do ask the Court to consider the arguments raised within our briefs and the response and arguments presented today, and I do ask the Court to vacate the default and the default judgment and allow this matter to proceed in the trial court on the basis of its merits. Thank you. Thank you, everybody.